IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00730-MSK-KLM

AMERICAN NATIONAL GENERAL INSURANCE COMPANY, a Missouri corporation,

    Plaintiff,

v.

ASHLEY L. BROOKS,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default Judgment Against Ashley Brooks** [#20][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion is referred to the undersigned for recommendation [#24]. Plaintiff seeks default judgment against Defendant, who has not entered an appearance in this action. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#20] be **GRANTED**.

**I. BACKGROUND**

Plaintiff, an insurance company, filed this lawsuit on April 8, 2015, seeking declaratory judgment against three individual Defendants. *Compl.* [#1] ¶¶ 2-4. Two of the Defendants, Walter Banzhaf and Maurine Rose Banzhaf, have been dismissed from this

---

[1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

case. *See Stipulation of Dismissal of Party* [#15]. Thus, only Ashley L. Brooks remains as a Defendant in this matter.

Accordingly to the Complaint, Plaintiff issued an automobile insurance policy to Craig Brooks, Julie Brooks, and Defendant, who were all residents of Colorado Springs, Colorado. *Compl.* [#1] ¶ 8. This policy number was 05-S-078-51L-2, and the policy covered the period of November 24, 2012, to May 24, 2013. *Id.* ¶ 10. Under the policy, "Your insured car" means:

> (a) the car described in the Declarations for which a premium charge is shown;
> (b) a temporary substitute car;
> (c) a utility trailer owned by you;
> (d) a car you acquire during the policy period if it replaces a car described in the Declarations. You must notify us within 30 days of its acquisition and pay us any additional premium due;
> (e) a car you acquire during the policy period if it is an additional car and we insure all private passenger cars or utility vehicles owned by you on the date of your acquisition of the car. You must notify us during the policy period and within 30 days after the date of acquisition of your election to make this and no other policy issued by us applicable to the car and you must pay us any additional premium due.

*Id.* ¶ 11. Three vehicles were specifically listed as insured under the policy: (1) 2002 Toyota Avalon XL 4d, (2) 2000 Toyota Tundra Access, and (3) 2004 Xterra 4D 4WD. *Id.* ¶ 9.

The policy further provides that Plaintiff "will pay damages for which an insured person becomes legally liable due to bodily injury or property damage which results from the ownership, maintenance, or use of your insured car or a non-owned car. . . ." *Id.* ¶ 12. The policy does not, however, provide coverage "for bodily injury or property damage resulting from the ownership, maintenance or use of a vehicle, other than your insured car, which is owned by or furnished or available for regular use by you or any member of your

family living with you[.]" *Id.* ¶ 13.

On November 30, 2012, Julie Brooks bought a 2006 Mazda 3. *Id.* ¶¶ 18-19. She did not contact Defendant to add the car to the policy because of the premium cost. *Id.* ¶¶ 20-21. On January 13, 2013, Defendant was driving this car southbound on Interstate 25 in El Paso County, Colorado. *Id.* ¶ 15. Katherine Rose Banzhaf was a passenger in the car. *Id.* For some unspecified reason, Defendant lost control of the Mazda, resulting in the vehicle rolling down an embankment and through a barbed-wire fence, causing the death of Katherine Rose Banzhaf. On November 18, 2014, Walter Banzhaf and Maurine Rose Banzhaf, as surviving parents of Katherine Rose Banzhaf, filed a lawsuit in El Paso County District Court in Colorado against Defendant Ashley L. Brooks. *Id.* ¶ 14.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiff seeks declaratory judgment that: (1) "the 2006 Mazda 3 involved in the accident at issue in the Underlying Lawsuit was not insured under the American National policy," (2) "there is no liability coverage under the American National policy for bodily injury or property damage claimed in the Underlying Lawsuit," and (3) "American National does not have a duty to defend Ashley L. Brooks in the Underlying Lawsuit." *Id.* ¶ 22.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit. Here, Entry of Default [#18] was proper because Defendant failed to respond to Plaintiff's Complaint [#1]. Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction and whether the facts establish a legitimate basis for the entry of judgment. *See Grady v. Swisher*, No. 11-cv-02880-WYD-KLM, 2014 WL 3562794, at *5 (D. Colo. July 18, 2014).

**A.      Jurisdiction**

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs., Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

**1.      Subject Matter Jurisdiction**

Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to diversity jurisdiction. *Compl.* [#1] ¶ 5. Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (1) citizens of different states; [or] (2) citizens of a State and citizens of a foreign state." Here, the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional limit.[2] *Compl.* [#1] ¶ 5. Further, the Complaint alleges that Defendant resides in Colorado, and Plaintiff is a Missouri corporation. *Id.* ¶¶ 1-2. Thus, the diversity of citizenship between Plaintiff and Defendant is sufficient to support the statutory diversity requirement.

**2.      Personal Jurisdiction**

---

[2] Although Plaintiff does not clearly delineate how it reaches this threshold, the Court is satisfied that the amount in controversy, consisting of the cost of defending Defendant in the underlying lawsuit, combined with Defendant's potential liability for damages in that accidental death lawsuit, surpasses the requisite $75,000 minimum. *See generally Compl.* [#1] ¶ 22.

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff's Complaint identifies Defendant as an individual. *Compl.* [#1] ¶ 2. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(e), which establishes the requirements for service on an individual. This rule permits service on an individual by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." The Complaint states that, as of April 8, 2015, Defendant was in the custody of the Colorado Department of Corrections. *Compl.* [#1] ¶ 2. The Affidavit of Service [#14] states that Defendant was "individually" served at 1401 West 17th Street, Pueblo, Colorado, which is the address for La Vista Correctional Facility, a prison facility administered by the Colorado Department of Corrections. The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(e).

Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs, Inc.*, 115 F.3d at 773. "Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225

(10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203. Plaintiff asserts that Defendant is a Colorado resident, that she is not a minor or an incompetent person, and that she is not in military service. *Compl.* [#1] ¶ 2; *Aff. of L. Kathleen Chaney* [#17-1] ¶¶ 7-8. The Court therefore finds that it has personal jurisdiction over Defendant.

**B.     Default Judgment**

Even after a proper Entry of Default [#18], the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009

WL 2055186, at *1 (D. Colo. July 10, 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Undisputed facts set forth by the moving parties in affidavits and exhibits are also accepted as true.  *Id.*

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment on the claim against Defendant.  The Mazda driven by Defendant on January 13, 2013, the date of the accident which killed Katherine Rose Banzhaf, was not listed on the policy owned in part by Defendant.  *See Compl.* [#1] ¶¶ 9, 11(a), 15, 17.  The Mazda was not a temporary substitute car.  *See id.* ¶¶ 11(b), 18-19.  The Mazda was not a utility trailer.  *See id.* ¶ 11(c).  The Mazda was not a replacement vehicle and, even if it were, no one on the policy contacted Plaintiff within thirty days of its acquisition.  *See id.* ¶ 11(d), 20-21.  To the extent the Mazda was an additional vehicle, no one on the policy contacted Plaintiff within thirty days of the Mazda's acquisition to inform Plaintiff of this acquisition.  *See id.* ¶ 11(e), 20.  Therefore, the Mazda was not an "insured car."  Further, the policy does not provide coverage "for bodily injury or property damage resulting from the ownership, maintenance or use of a vehicle, other than your insured car, which is owned by or furnished or available for regular use by you or any member of your family living with you[.]"  *Id.* ¶ 13.  Thus, because the Mazda was not an insured car, and because it was owned by and available for regular use by members of the Brooks family, there was no coverage under the policy.  Because the Court deems the well-pled facts of the Complaint to be true, the Court finds that Plaintiff has sufficiently established that there was no coverage for the January 13, 2013 accident underlying this case.  Accordingly, default judgment should be entered against Defendant.

Normally, in addition to finding that Plaintiff has a basis for relief, default judgment may not be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo.1984). Here, however, Plaintiff seeks only a declaratory judgment and no monetary damages. "A default judgment must not differ in kind from . . . what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiff seeks declaratory judgment that: (1) "the 2006 Mazda 3 involved in the accident at issue in the Underlying Lawsuit was not insured under the American National policy," (2) "there is no liability coverage under the American National policy for bodily injury or property damage claimed in the Underlying Lawsuit," and (3) "American National does not have a duty to defend Ashley L. Brooks in the Underlying Lawsuit." *Id.* ¶ 22. Based on the foregoing discussion, the Court finds that this declaratory relief is appropriate.

Accordingly, the Court **recommends** that Plaintiff's request for declaratory relief be **granted**.

### III. CONCLUSION

Based on the foregoing, the Court respectfully **RECOMMENDS** that the Motion [#20] be **GRANTED**. The Court **recommends** that declaratory judgment be entered in Plaintiff's favor and against Defendant as follows:

(1) The 2006 Mazda 3 involved in the January 13, 2013 accident at issue in the November 18, 2014 lawsuit filed in El Paso County District Court in the State of Colorado by Walter Banzhaf and Maurine Rose Banzhaf, as surviving parents of Katherine Rose Banzhaf, against Ashley L. Brooks, was

not insured under American National General Insurance Company's automobile policy number 05-S-078-51L-2.

(2) There is no liability coverage under the aforementioned policy for bodily injury or property damage claimed in the aforementioned lawsuit.

(3) American National General Insurance Company does not have a duty to defend Ashley L. Brooks in the aforementioned lawsuit.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 29, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge